(No. 3950— 

MAE CRATER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1946.*

CARL BEHRMAN, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

This claim was filed on February 16, 1946 for benefits under the Workmen's Compensation Act.

The record consists of the complaint, Report of the Department of Public Safety and supplemental Report, stipulation that the above reports of said Division shall constitute the evidence; photostatic copy of marriage certificate of said Everett Edward Crater and Mae Cluney, the above named claimant, widow, statement of claimant, and waiver of brief of respondent.

The complaint alleges that Everett Edward Crater was employed as a guard in the Department of Public Safety at Stateville Prison; that on the 14th day of May, 1945 at about 1:00 A. M. he opened the gates of an elevator in said prison and in doing so fell through space to the bottom of the elevator shaft sustaining injuries

from which he died on the same day. The complaint further shows that the above named claimant and the deceased had no children dependent upon him for support under the age of sixteen years on the date of his death. The supplemental Report filed herein discloses that the deceased received a gross salary of $169.00 per month for a period of twelve months prior to May 14, 1945.

From a consideration of the record we make the following findings:

That on the 14th day of May, 1945 said deceased received injuries in the course of his employment for the respondent, said injuries causing his death, and that respondent had actual knowledge of the accident and the death of Everett Edward Crater as provided in Section 24 of the Workmen's Compensation Act; that said deceased left no children at the time of his death who were dependent upon him for support, but that the claimant, Mae Crater, was his wife at the time of the accident, and that nothing has been paid to the widow, claimant, since the accident.

An award is therefore entered in favor of claimant, Mae Crater, in the sum of $4,700.00 as provided in Section 7a of the Workmen's Compensation Act, as amended. The Court finds that there has now accrued and is payable forthwith the sum of Nine Hundred Sixteen Dollars and Seventy-Six Cents ($916.76), representing fifty-two weeks at a compensation rate of Seventeen Dollars and Sixty-Three Cents ($17.63), leaving a balance due on said award the sum of Three Thousand, Seven Hundred, Eighty-Three Dollars and Twenty-Four Cents ($3,783.24) to be paid to claimant, Mae Crater at the rate of Seventeen Dollars and Sixty-Three Cents, ($17.63) per week

with one final payment of Ten Dollars and Forty-Two Cents ($10.42).

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."